UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARQUEZ HALL,

Plaintiff,

v.

CORRECTIONS OFFICER KEETON AND
MICHIGAN DEPARTMENT OF
CORRECTIONS,

Defendants.

_____/

Case No. 22-cv-11528

U.S. District Court Judge
Gershwin A. Drain

## OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL

### I. INTRODUCTION

Plaintiff Marquez Hall initiated this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Corrections Officer Keeton and the Michigan Department of Corrections (MDOC). *See* ECF No. 1. Plaintiff is currently incarcerated at the Saginaw Correctional Facility in Tittabawassee Township, Michigan. *See* ECF No. 6. Plaintiff alleges Defendants violated his Eight Amendment right against cruel and usual punishment by unnecessarily spraying him with mace while he was in his cell at the Charles Egeler Reception and Guidance Center in Jackson, Michigan in April 2022. ECF No.1, PageID.5. Plaintiff sues

1

Defendants in their official and personal capacities and seeks monetary damages and other appropriate relief.

The Court has granted Plaintiff leave to proceed without prepayment of the fees for this action pursuant to 28 U.S.C. § 1915(a)(1).  ECF No. 4.  As such, the Court must review Plaintiff's Complaint in accordance with 28 U.S.C. § 1915(e)(2)(B).

## II.   LAW & ANALYSIS

### A. Legal Standard

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is required to similarly screen complaints in which incarcerated persons seek redress against government entities, officers, and employees, regardless of whether the plaintiff is proceeding *in forma pauperis*.  *See* 28 U.S.C. § 1915A

A complaint is frivolous if "it lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) *see also Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).  A complaint lacks an arguable basis in law when it relies on

"indisputably meritless legal theories." *Brand v. Motley*, 526 F. 3d 921, 923 (6th Cir. 2008) (quoting *Neitzke*, 490 U.S. at 327). Similarly, a complaint is factually frivolous "when the 'factual contentions [on which it relies] are clearly baseless.'" *Anson v. Corr. Corp. of Am.*, 529 F. App'x 558, 559-60 (6th Cir. 2013) (quoting *Neitzke,* 490 U.S. at 327).

The Court uses a flexible standard to evaluate the sufficiency of the pleading, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (citation omitted). Nevertheless, a *pro se* complaint must state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957); Fed. R. Civ. P. 8(a)(2)). While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers

3

'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

**B. Discussion**

Despite this liberal pleading standard, the Court finds that Plaintiff's Complaint is subject to summary dismissal in part. First, Plaintiff's claim against the MDOC must be dismissed for failure to state a claim upon which relief may be granted. Section 1983 imposes liability upon any "person" who violates an individual's federal constitutional or statutory rights. It is well-settled that governmental departments and agencies, such as the MDOC, are not persons or legal entities subject to suit under 42 U.S.C. § 1983. *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) (noting the Sixth Circuit has "consistently held" that the MDOC is not "a 'person' that may be sued for money damages under § 1983").

4

Additionally, Plaintiff's claim against the MDOC must be dismissed because he fails to allege facts demonstrating the personal involvement of the MDOC in the events giving rise to his complaint.  It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983 and that liability cannot be based upon supervisory liability.  *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability for governmental entities cannot be based upon a theory of respondeat superior or vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (same); *see also Taylor v. Michigan Dep't of Corr.*, 69 F.3d 76, 81 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant-supervisor participated, condoned, encouraged, or knowingly acquiesced in misconduct to establish liability).

To the extent Plaintiff asserts that the MDOC failed to supervise Officer Keeton (or any other employee), should be vicariously liable for another's conduct, erred in denying his grievances, and/or did not sufficiently respond to the situation, this is insufficient to state a claim under § 1983.  *See, e.g.*, *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (holding that defendants' denial of plaintiff's grievances were insufficient to sustain § 1983 liability); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) (holding that defendant's denial of plaintiff's grievance did not amount to personal involvement).  Nor does Plaintiff allege facts sufficient to establish a *Monell* claim: he does not assert that any injury he suffered

5

is the result of a policy or regulation, or that any improper conduct arose from the deliberate failure to adequately investigate, train, or supervise employees. *See Jackson v. City of Cleveland*, 925 F.3d 793, 828– (6th Cir. 2019) (setting forth the methods for showing a policy or custom that caused the violation of a plaintiff's rights). Plaintiff thus fails to state a claim upon which relief may be granted under § 1983 against the MDOC.

Lastly, Plaintiff's complaint against the MDOC and Officer Keeton must be dismissed in part on the basis of sovereign immunity. Plaintiff sues the defendants in their official capacities and seeks monetary damages as relief. The Eleventh Amendment, however, bars civil rights actions against a state and its agencies and departments unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). The state of Michigan has not consented to being sued in civil rights actions in the federal courts, and Congress did not abrogate state sovereign immunity when it passed § 1983. *Harrison*, 722 F.3d at 771 (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir.1986); *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). "Eleventh Amendment immunity 'bars all suits, whether for injunctive, declaratory or monetary relief against the state and its departments . . . .'" *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)). Eleventh Amendment immunity

also bars actions against state employees for monetary damages when they are sued in their official capacities.  *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)).  Because Officer Keeton is an MDOC employee sued in his official capacity, he is entitled to Eleventh Amendment immunity.  *See Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004).  Plaintiff's claims for monetary damages against the defendants in their official capacities must therefore be dismissed.

### III.  CONCLUSION

For the reasons stated, the Court finds that Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 against Defendant MDOC and that both Defendants are entitled to Eleventh Amendment immunity.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's entire claim against Defendant MDOC and his claim for monetary damages against Defendant Keeton in his official capacity are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A.  The remaining claim against Defendant Keeton is not subject to summary dismissal and may proceed to the prisoner mediation program.

**IT IS SO ORDERED**.


/s/ Gershwin Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated:  January 30, 2023


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 30, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager