UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARQUEZ HALL,
Plaintiff,
v.

AUSTIN KEETON,
Defendant.
______________________________/

Case No. 22-11528

Gershwin A. Drain
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

**REPORT AND RECOMMENDATION TO DISMISS KEETON'S CROSSCLAIM**

## I. BACKGROUND AND DISCUSSION

Plaintiff filed this prisoner civil rights case on June 29, 2022. (ECF No. 1). Plaintiff's claims against the Michigan Department of Corrections ("MDOC") were summarily dismissed. (ECF No. 7). This case was later referred to the undersigned for all pretrial matters. (ECF No. 15).

On May 17, 2023, Defendant Keeton filed his answer and a purported crossclaim against MDOC, asserting that MDOC should remain a defendant because Plaintiff was in the custody of MDOC and Defendant was employed by MDOC during the events alleged. He contends that MDOC should be representing him or reimbursing him for his legal fees. (ECF No. 14).

On August 7, 2023, the Court ordered Keeton to show cause why his crossclaim should not be dismissed as improperly filed. The Court explained that a crossclaim can be asserted only against a "coparty." Fed. R. Civ. P. 13(g); § 1431 Crossclaims—In General, 6 Fed. Prac. & Proc. Civ. § 1431 (3d ed.) ("No crossclaim may be brought against a person who has been eliminated or who has withdrawn from the action, since that person no longer is a party."). When Keeton filed his crossclaim, MDOC was no longer a party. Keeton's response to the Order to Show Cause was due August 21, 2023. (ECF No. 17). To date, Keeton has not responded to the Order.

The undersigned recommends that Keeton's crossclaim be **DISMISSED** as improperly filed against an entity that is no longer a party to this action.

## II. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Keeton's crossclaim against MDOC be **DISMISSED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: October 4, 2023.               s/Curtis Ivy, Jr.
                                     Curtis Ivy, Jr.
                                     United States Magistrate Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on October 4, 2023.

s/Sara Krause
Case Manager
(810) 341-7850